Filed 9/11/2015 2:32:21 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Ashlee Stewart

## 49159-A

CAUSE NO. _____

| | | |
|---|---|---|
| RICHARD DEMORE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TAYLOR COUNTY, TEXAS |
| | § | |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY, | § | |
| CLIFFORD WALSH, AND KHANNA | § | |
| CARVER, | § | Taylor 42nd District Court |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Richard Demore ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Hartford Accident and Indemnity Company ("Hartford Accident"), Clifford Walsh ("Walsh"), and Khanna Carver ("Carver") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Richard Demore is an individual residing in Taylor County, Texas.

3. Defendant Hartford Accident is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by

EXHIBIT C

a process server, by serving its Attorney for Service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.   Defendant Clifford Walsh is an individual residing in and domiciled in the State of California. This defendant may be served with personal process by a process server at his place of residence at 5721 Darby Road, Rocklin, California 95765.

5.   Defendant Khanna Carver is an individual residing in and domiciled in the State of Mississippi. This defendant may be served with personal process by a process server at her place of residence at 10231 English Manor Drive, Gulfport, Mississippi 39503.

## JURISDICTION

6.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

7.   The Court has jurisdiction over Defendant Hartford Accident because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8.   The Court has jurisdiction over Defendant Walsh because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.   The Court has jurisdiction over Defendant Carver because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.     Venue is proper in Taylor County, Texas, because the insured property is situated in Taylor County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.     Plaintiff is the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Hartford Accident.

12.     Plaintiff owns the insured property, which is specifically located at 1850 Jameson Street, Abilene, Texas 79603, in Taylor County (hereinafter referred to as "the Property").

13.     Hartford Accident sold the Policy insuring the Property to Plaintiff.

14.     On or about June 12, 2014, a hail storm and/or windstorm struck Taylor County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence (hereinafter collectively referred to as "the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Plaintiff also sustained several structural and exterior damages to his home as results of the Storm including, but not limited to, damage to the exterior siding, window(s) and/or window screen(s), and the gutters. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the Storm. Furthermore, Plaintiff sustained significant damage to his air conditioning unit, storage shed, and fence on the Property. Shortly after the June 12, 2014 Storm, when the damages to the Property first became apparent and visible to Plaintiff, Plaintiff filed a claim with his insurance company, Hartford Accident, for the damages to his home caused by the hail storm and/or windstorm.

15.    Plaintiff submitted a claim to Hartford Accident against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

16.    Plaintiff asked that Hartford Accident cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damages to the Property, pursuant to the Policy.

17.    On or about June 17, 2014, Plaintiff reported the damages to his home to Defendant Hartford Accident. Subsequently, Hartford Accident assigned Defendants Walsh and Carver as the individual adjusters on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Specifically, Walsh conducted a substandard inspection of Plaintiff's Property during which failed to properly scope Plaintiff's entire home for hail and/or windstorm damages. For example, Walsh failed to conduct a thorough inspection to the entire interior of the Property thereby denying many of the properly covered Storm damages to the Property. Defendant Walsh's inadequate inspection is further evidenced by his June 21, 2014 report, which failed to provide a fair and accurate assessment of Plaintiff's damages actually included in his inspection including, but not limited to, window(s) and/or window screen(s), garage, and the fence.

18.    Furthermore, Walsh refused to acknowledge the extensive and obvious damage to the exterior siding—specifically, the exterior siding on the front elevation of the home. In fact, Walsh specifically stated in his report that "no damage was found" when, in fact, the substantial damages to the entire exterior siding, including the front elevation, warranted

total replacement. Moreover, the damages that Walsh actually included in his report were grossly undervalued, in part because he underpriced the cost of materials required for necessary repairs, including the allotment for the roof, and incorrectly applied material sales tax for certain items in determining the actual cash value of Plaintiff's loss under the Policy. Additionally, Walsh included a correspondence in his report to Plaintiff which he failed to give Plaintiff an adequate explanation as to why he undervalued so many of Plaintiff's damages from his report.

19.    Although Walsh was aware of Plaintiff's reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiff's claim without conducting thorough and reasonable inspection of Plaintiff's damages. Ultimately, Walsh failed to properly scope Plaintiff's damages, underestimated and undervalued the cost of repairs to the damaged items, thereby not allowing adequate funds to cover the cost of repairs to all the damages sustained.

20.    Carver also actively participated in the handling of Plaintiff's claim but failed to conduct a reasonable investigation. Specifically, she corresponded with Plaintiff regarding his claim in letters and/or reviewed reports, documents, and information regarding the claim. Ultimately, Defendants Hartford and Carver failed to thoroughly review Defendant Walsh's assessment of the claim and ultimately approved and/or submitted an inaccurate report of the damages.

21.    Defendant Hartford Accident along with Hartford Accident personnel, failed to adequately supervise, oversee, and review the work of the adjusters assigned to Plaintiff's claim, including Defendants Walsh and Carver. Had Hartford Accident performed even a cursory review of the estimate/report submitted and approved by Walsh and Carver,

Defendant Hartford Accident would have discovered that Plaintiff's claim was improperly adjusted. Unfortunately for Plaintiff, this did not happen.

22. Together, Defendants Hartford Accident, Walsh, and Carver set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and he was denied adequate and sufficient payment to repair his home. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

23. As detailed in the paragraphs below, Hartford Accident wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Hartford Accident underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

24. To date, Hartford Accident continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

25. Defendant Hartford Accident failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Hartford

Accident's conduct constitutes a breach of the insurance contract between Hartford Accident and Plaintiff.

26. Defendants Hartford Accident, Walsh, and Carver misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Hartford Accident's, Walsh's and Carver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

27. Defendants Hartford Accident, Walsh, and Carver failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Hartford Accident's, Walsh's, and Carver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

28. Defendants Hartford Accident, Walsh, and Carver failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Hartford Accident, Walsh, and Carver failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Hartford Accident, Walsh, and Carver did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Hartford Accident's, Walsh's, and Carver's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

29. Defendants Hartford Accident, Walsh, and Carver failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely

indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Hartford Accident, Walsh, and Carver. Defendants Hartford Accident's, Walsh's, and Carver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

30.	Defendants Hartford Accident, Walsh, and Carver refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Hartford Accident, Walsh, and Carver failed to conduct a reasonable investigation. Specifically, Defendants Hartford Accident, Walsh, and Carver performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Hartford Accident's, Walsh's, and Carver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

31.	Defendant Hartford Accident failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Hartford Accident's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

32.	Defendant Hartford Accident failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Hartford Accident's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

33.    Defendant Hartford Accident failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not received full payment for his claim. Hartford Accident's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

34.    From and after the time Plaintiff's claim was presented to Defendant Hartford Accident, the liability of Hartford Accident to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Hartford Accident has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Hartford Accident's conduct constitutes a breach of the common law duty of good faith and fair dealing.

35.    Defendants Hartford Accident, Walsh, and Carver knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

36.    As a result of Defendants Hartford Accident's, Walsh's, Carver's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

37.    Plaintiff's experience is not an isolated case. The acts and omissions Hartford Accident committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Hartford Accident with regard to handling these types of claims. Hartford Accident's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION:**

## CAUSES OF ACTION AGAINST WALSH AND CARVER

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38.     As described above, Hartford Accident assigned Defendants Walsh and Carver to adjust Plaintiff's claim. Defendants Walsh and Carver were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. As described more fully in paragraphs 17 through 20, during their investigation, Walsh and Carver failed to properly assess Plaintiff's hail storm and/or windstorm damages. They also omitted covered damages from the estimate(s) and/or report(s) on Plaintiff's claim, including many of Plaintiff's interior and exterior damages. In addition, the damages that Walsh and Carver did include final estimate(s) and/or report(s) on Plaintiff's claim were grossly underestimated. Walsh and Carver inadequate investigation of the claim was relied upon by the other Defendants named in this action and resulted in the undervaluing and underpayment of Plaintiff's claim.

39.     As a result of Walsh's and Carver's mishandling and improper adjustment of Plaintiff's claim, Plaintiff had been delayed in his ability to fully repair his home, which has resulted in additional damages to the home and caused Plaintiff to suffer other damages. To this date, Plaintiff has yet to receive the full payment to which he os rightfully entitled under the Policy and thus, continue to suffer damages, including the loss of use and enjoyment of his home.

40.     Defendants Walsh's and Carver's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

41.   Defendants Walsh and Carver are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Hartford Accident, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

42.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Walsh's and Carver's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43.  Defendants Walsh's and Carver's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

44.  Defendants Walsh and Carver failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Walsh and Carver failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Walsh and Carver as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

45.  Defendants Walsh's and Carver's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

46.  Defendants Walsh and Carver did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although

reported by Plaintiff to Hartford Accident. Defendants Walsh's and Carver's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

47.   Plaintiff is not making any claims for relief under federal law.

### FRAUD

48.   Defendants Hartford Accident, Walsh, and Carver are liable to Plaintiff for common law fraud.

49.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Hartford Accident, Walsh, and Carver knew were false or made recklessly without any knowledge of their truth as a positive assertion.

50.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

51.   Defendants Hartford Accident, Walsh, and Carver are liable to Plaintiff for conspiracy to commit fraud.  Defendants Hartford Accident, Walsh, and Carver were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Hartford

Accident, Walsh, and Carver committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST HARTFORD ACCIDENT ONLY

52. Defendant Hartford Accident is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

53. Defendant Hartford Accident's conduct constitutes a breach of the insurance contract made between Hartford Accident and Plaintiff.

54. Defendant Hartford Accident's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Hartford Accident's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. Defendant Hartford Accident's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

56. Defendant Hartford Accident's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

57. Defendant Hartford Accident's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

Page 14

even though Hartford Accident's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

58. Defendant Hartford Accident's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

59. Defendant Hartford Accident's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

60. Defendant Hartford Accident's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

61. Defendant Hartford Accident's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

62. Defendant Hartford Accident's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and

forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

63.   Defendant Hartford Accident's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

64.   Defendant Hartford Accident's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

65.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Walsh and Carver are agents of Hartford Accident based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

66.   Separately, and/or in the alternative, as referenced and described above, Hartford Accident ratified the actions and conduct of Walsh and Carver including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67.   Defendant Hartford Accident's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

68.   Defendant Hartford Accident's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Hartford Accident knew

or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

69.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

70.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

71.    As previously mentioned, the damages caused by the June 12, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Hartford Accident's, Walsh's, and Carver's mishandling of Plaintiff's claim in violation of the laws set forth above.

72.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

73.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

74.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on

the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

75. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

76. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

77. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

78. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Taylor County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

79. *Plaintiff's Request for Disclosure to Defendant Hartford Accident and Indemnity Company* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant*

Page 18

*Clifford Walsh* is attached as "Exhibit A-1." *Plaintiff's Request for Disclosure to Defendant Khanna Carver* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

MOSTYN LAW

/s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 19

"EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| RICHARD DEMORE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TAYLOR COUNTY, TEXAS |
| | § | |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY, | § | |
| CLIFFORD WALSH, AND KHANNA | § | |
| CARVER, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT HARTFORD ACCIDENT AND INDEMNITY COMPANY

TO:   DEFENDANT HARTFORD ACCIDENT AND INDEMNITY COMPANY, by and through its Attorney for Service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Hartford Accident and Indemnity Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 20

**"EXHIBIT A-1"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| **RICHARD DEMORE,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TAYLOR COUNTY, TEXAS** |
| | § | |
| **HARTFORD ACCIDENT AND** | § | |
| **INDEMNITY COMPANY,** | § | |
| **CLIFFORD WALSH, AND KHANNA** | § | |
| **CARVER,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT**
**CLIFFORD WALSH**

TO:   DEFENDANT CLIFFORD WALSH, at his place of residence at 5721 Darby Road, Rocklin, California 95765.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Clifford Walsh (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-2"**

**CAUSE NO._____**

| | | |
|---|---|---|
| **RICHARD DEMORE,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TAYLOR COUNTY, TEXAS** |
| | § | |
| **HARTFORD ACCIDENT AND** | § | |
| **INDEMNITY COMPANY,** | § | |
| **CLIFFORD WALSH, AND KHANNA** | § | |
| **CARVER,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
KHANNA CARVER**

TO:   DEFENDANT KHANNA CARVER, at her place of residence at 10231 English Manor Drive, Gulfport, Mississippi 39503.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Khanna Carver (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 22